

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

                                          Case No. 6:12-cv-815-ORL-22DAB

-v-

BANK OF AMERICA CORPORATION;
FIA CARD SERVICES,

    Defendant.

## VERIFIED COMPLAINT

    Plaintiff, Larry Rumbough, hereby sues Defendants, BANK OF AMERICA CORPORATION and FIA CARD SERVICES; and alleges:

### PRELIMINARY STATEMENT

    1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.* and for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et seq.*

### JURISDICTION AND VENUE

    2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and Fla. Stat. §559.77.

    3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

    4. This is an action for damages which does not exceed $75,000.00.

    5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

    6. Defendant, BANK OF AMERICA CORPORATION ("Bank of America"), is a Delaware corporation, authorized to do business in Florida.

    7. Defendant, FIA CARD SERVICES ("FIA"), is an unknown entity.

    8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. Plaintiff sent dispute letters to Experian regarding inaccuracies on his credit report reported by Bank of America and FIA on October 5, 2007. The details of Plaintiff's disputes are outlined in those letters.

10. Plaintiff sent dispute letters to Innovis regarding inaccuracies on his credit report reported by Bank of America and FIA on January 10, 2008 and March 20, 2008. The details of Plaintiff's disputes are outlined in those letters.

11. Bank of America and FIA have reported false information about Plaintiff to credit reporting agencies, including Equifax, Experian, and Trans Union, and Innovis, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

12. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

13. Bank of America and FIA did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

14. Bank of America and FIA have repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

15. On June 7, 2006, Bank of America and FIA obtained Plaintiff's credit report from Experian, thereby reducing his credit score. Erskine used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

16. On October 7, 2006, Bank of America and FIA obtained Plaintiff's credit report from Experian, thereby reducing his credit score. Erskine used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

17. On December 16, 2008, Bank of America and FIA obtained Plaintiff's credit report from Experian, thereby reducing his credit score. Erskine used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

## COUNT I
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANTS BANK OF AMERICA AND FIA

18. Paragraphs 1 through 17 are realleged as though fully set forth herein.

19. Plaintiff is a consumer within the meaning of §1681a(c).

20. Bank of America and FIA are furnishers of information within the meaning of §1681s-2.

21. §1681b(f) provides:
"A person shall not use or obtain a consumer report for any purpose unless—
(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

22. §1681s-2 provides:
"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

23. §1681s-2 provides:
"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

24. Bank of America and FIA violated the FCRA. Defendants' violations include, but are not limited to, the following:
   (a) Bank of America and FIA willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.

    (b) Bank of America and FIA violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against Bank of America and FIA for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

**COUNT II**
**VIOLATION OF FLORIDA CONSUMER COLLECTION**
**PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI)**
**BY DEFENDANTS BANK OF AMERICA AND FIA**

25. Paragraphs 1 through 17 are realleged as though fully set forth herein.

26. Plaintiff is a consumer within the meaning of §559.55(2).

27. Bank of America and FIA are debt collectors within the meaning of §559.55(6).

28. Bank of America and FIA violated the FCCPA. Defendants' violations include, but are not limited to, the following:
    (a) Bank of America and FIA violated §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.
    (b) Bank of America and FIA violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
    (c) Bank of America and FIA violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Bank of America and FIA for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**VERIFICATION**

All the above statements are true to the best of my knowledge. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Dated: May 29, 2012

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 29th day of May, 2012 by U.S. Mail delivery to:

John Hamilton
Foley & Lardner LLP
P.O. Box 2193
Orlando, FL 32802


*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859